```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Stephanie R. Castle,

      Plaintiff,

  v.                                Case No. 2:14-cv-877

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

ORDER

    Plaintiff Stephanie R. Castle brings this action under 42 U.S.C. §§405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income.  The ALJ reviewed the medical evidence in the record and held a hearing, at which plaintiff, accompanied by counsel, and John R. Finch, Ph.D., a vocational expert, testified. In an amended decision dated April 11, 2013, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of type II diabetes mellitus and diabetic gastroparesis.  PAGEID 62.  After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform the full range of light work defined in 20 C.F.R. §416.967(b).  PAGEID 66.  This matter is before the court for consideration of plaintiff's April 29, 2015, objections (Doc. 17) to the April 27, 2015, report and recommendation of the magistrate judge (Doc. 16) recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

    If a party objects within the allotted time to a report and

recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d

2

647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

The ALJ found that plaintiff's type II diabetes mellitus and gastroparesis constituted severe impairments. PAGEID 62. Relying on the opinions of Dr. Steve E. McKee, M.D., a state medical consultant, and Dr. Phillip Swedberg, M.D., an independent consulting physician who examined plaintiff, the ALJ concluded that plaintiff was capable of performing a full range of light work. PAGEID 67-68. The ALJ noted that the objective medical evidence showed that these conditions had been "relatively stable with prescribed medications, when taken as actually prescribed" and that the "record does not contain evidence of abnormal clinical and laboratory findings sufficient to document any further degree of loss of function." PAGEID 66. Dr. Finch testified that, based on the RFC found by the ALJ, plaintiff would be able to perform a full range of light, unskilled work. PAGEID 115-16.

In objecting to the ALJ's determination that she was not disabled, plaintiff relies on the evidence of her eleven visits to the emergency room between March 23, 2011, and April 7, 2012, and her hospitalizations on six occasions between October 25, 2011, and February 19, 2013, due to her diabetes mellitus and gastroparesis. Plaintiff notes the testimony of Dr. Finch that if she missed one day of work per month due to her impairments, she could not perform a full range of light, unskilled work. PAGEID 116. Plaintiff argues that because her history of hospitalizations suggests that she would miss at least one day of work per month, the ALJ should have found that she was disabled. Doc. 17, p. 2. Plaintiff also

objects to the finding of the magistrate judge that the ALJ properly concluded that plaintiff's frequent trips to the emergency room and hospitalizations were due to her noncompliance with the treatment instructions of her doctors regarding medications rather than her inability to afford the medications necessary to control her diabetes.  Doc. 17, p. 3.

The magistrate judge noted that plaintiff's failure to comply with the recommendations of her physicians concerning medication was an issue related to plaintiff's credibility that was for the ALJ to decide.  The court agrees with the legal and factual analysis of the magistrate judge.  In evaluating a claimant's complaints, an ALJ may properly consider the credibility of the claimant.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4 (Soc. Sec. Admin. July 2, 1996).  An ALJ's findings based on the credibility of the applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters*, 127 F.3d at 531.  An ALJ's assessment of a claimant's credibility must be supported by substantial evidence.  *Id.*  One factor the ALJ may consider in weighing a claimant's credibility is the claimant's treatment history.  Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *7.  "[T]he individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." *Id.*  However, the ALJ must not draw any inferences from a failure to seek or pursue regular medical

4

treatment without first considering any explanations that the claimant may provide, including the inability of the claimant to afford treatment or to have access to free or low-cost medical services. *Id.* at *7-8.

The ALJ acknowledged plaintiff's emergency room visits and hospital treatment for diabetis and gastroparesis, but noted that plaintiff's conditions improved and became stable following the treatment provided by the hospital. PAGEID 68-69. However, the ALJ commented that "the objective evidence also documents that claimant was consistently noncompliant with medical treatment directives." PAGEID 69. The ALJ observed that plaintiff "still did not see a primary care physician on a regular basis and just went to the hospital when she was ill" and "only got refills of her medications when she went to the hospital." PAGEID 69. The ALJ stated that plaintiff's failure to take recommended prescription medications "would not be expected, were the claimant's impairments as severe or disabling as alleged, and suggests that the claimant's alleged symptoms are tolerable without the need to follow these recommendations." PAGEID 70. The ALJ correctly noted that while plaintiff's pattern of treatment non-compliance was not a basis for denying her claim, it "is a basis for heavily discounting her overall credibility" and in assessing her RFC. PAGEID 69.

The ALJ considered plaintiff's testimony that her financial constraints and inability to pay for treatment were the reasons for her non-compliance with the physicians' recommendations concerning medications. PAGEID 65, 70. However, the ALJ rejected this testimony, noting that there was no evidence that plaintiff ever attempted to visit a free medical clinic or that she ever requested

5

prescription medication assistance. PAGEID 65, 70. The ALJ also referred to plaintiff's cigarette habit. Plaintiff testified at the hearing that she smoked half of a pack of cigarettes per day, and that the cigarettes were supplied by her sister. PAGEID 112. Plaintiff also reported on January 3, 2012, that she had smoked one pack of cigarettes per day for more than twenty-five years. *See* PAGEID 338. The ALJ observed that plaintiff did not have financial constraints when it came affording her cigarette habit, and that, although plaintiff testified that her smoking addiction was financed by a friend, "the undersigned finds the claimant to be less than fully reliable as a reporter." PAGEID 65. The ALJ properly considered plaintiff's smoking habit as bearing on her credibility. *See Moore v. Comm'r of Soc. Sec.*, 573 F.App'x 540, 542-3 (6th Cir. 2014)(ALJ properly considered plaintiff's failure to pursue treatment in weighing her credibility where her claim that she could not afford treatment for asthma was contradicted by her purchase of cigarettes); *Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988)(ALJ correctly decided that plaintiff's claim of inability to afford support hose was not credible in light of his cigarette habit).

In addition, the ALJ reasonably rejected plaintiff's explanation that she could not afford medication because other evidence also undermined plaintiff's credibility. *See Henry v. Comm'r of Soc. Sec.*, 973 F.Supp.2d 796, 803 (N.D.Ohio 2013). In concluding that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they were inconsistent with the RFC, the ALJ noted that: 1) plaintiff's subjective complaints concerning the

6

severity of her symptoms were not supported by objective medical evidence; 2) there was evidence that plaintiff stopped working in 2011 for personal reasons; 3) plaintiff (who was forty-five years of age at the time of the ALJ's decision) had earned $11,513.88 in her entire lifetime, and her sporadic work history suggested that her overall lack of interest in working, rather than her medical impairments, more properly accounted for her current lack of employment; and 4) plaintiff's treatment records, which included requests for narcotic pain medication during emergency room visits and a history of opioid dependency, indicated that she obtained hospital treatment solely to obtain prescriptions for narcotic pain medication, not due to her allegedly disabling symptoms. The ALJ properly evaluated plaintiff's credibility based on a consideration of the entire case record. *Rogers*, 486 F.3d at 247.

III. Conclusion

Having reviewed the record *de novo*, the court finds that the ALJ's findings concerning plaintiff's credibility and his determination that plaintiff is not disabled are supported by substantial evidence. The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 16). Plaintiff's objections (Doc. 17) are denied. The Commissioner's decision is affirmed, and this action is dismissed. Pursuant to Sentence Four of 42 U.S.C. § 405(g), the clerk shall enter final judgment affirming the decision of the Commissioner and dismissing this action.

Date: May 19, 2015                  s/James L. Graham
                                                  James L. Graham
                                                  United States District Judge